IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK L. HUMPHREY | § | |
| | § | CIVIL ACTION NO. |
| VS. | § | |
| | § | PLAINTIFF DEMANDS A TRIAL BY JURY |
| ILLINOIS MARINE TOWING, INC. | § | |
| and CANAL BARGE COMPANY, | § | |
| INC. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PATRICK L. HUMPHREY, hereinafter referred to as 'Plaintiff', complaining of ILLINOIS MARINE TOWING, INC. and CANAL BARGE COMPANY, INC., hereinafter referred to as 'Defendants', and would respectfully show as follows:

I.
JURISDICTION

1.    This Court has jurisdiction over the lawsuit under 28 U.S.C. §1333 because the suit involves admiralty and maritime jurisdiction.  Plaintiff's claims against Defendants, ILLINOIS MARINE TOWING, INC. and CANAL BARGE COMPANY, INC., are maintained under the Jones Act, 46 U.S.C. § 30104, and the General Maritime Law of the United States.

II.
PARTIES

2.    Plaintiff, PATRICK L. HUMPHREY, a person of majority age, is a citizen of the State of West Virginia.  Plaintiff resides in Boone County, West Virginia.

3.    Defendant, ILLINOIS MARINE TOWING, INC., is a domestic corporation that maintains its principal place of business in Joliet, Illinois.  This Defendant may be served with due process herein by serving its registered agent for service in Illinois, C T Corporation System, 208 South

1

LaSalle Street, Suite 814, Chicago, Illinois 60604.

4.     Defendant, CANAL BARGE COMPANY, INC., is a foreign corporation that maintains its principal place of business in Belle Chasse, Louisiana.  This Defendant may be served with due process herein by serving its registered agent for service in Illinois, C T Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

## III.
## VENUE

5.     Venue is proper in this district under 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.    Venue is also proper in this district under 28 U.S.C. § 1391 (b)(1) because Defendant, ILLINOIS MARINE TOWING, INC., resides in this district.

## IV.
## FACTS

6.     Plaintiff, PATRICK L. HUMPHREY, would show that this lawsuit has become necessary as a result of the illness and personal injuries he sustained on or about August 17, 2018.

7.     At all material times, Plaintiff was a Jones Act seaman employed by Defendant, ILLINOIS MARINE TOWING, INC., and/or Defendant, CANAL BARGE COMPANY, INC.

8.     At all material times Plaintiff was employed as a captain in service of the ILLINI COURAGE, a towing vessel, and Plaintiff was a member of said vessel's crew.  At all material times, the ILLINI COURAGE was owned, operated, and/or controlled by Defendant, ILLINOIS MARINE TOWING, INC., and/or Defendant, CANAL BARGE COMPANY, INC.  At all material times, the ILLINI COURAGE was underway in navigable waters in between Lemont, Illinois and Channahon, Illinois.  On or about August 17, 2018, employees and/or agents of Defendants negligently caused Plaintiff to become ill in service of the ILLINI COURAGE.

9.     At the time of the occurrence, Plaintiff became ill while exposed to contaminated food served as part of regular crew meals aboard the ILLINI COURAGE.  Plaintiff was exposed to E. Coli and/or another foodborne illness while on board the vessel.  He developed a severe bacterial infection and subsequently suffered from sepsis.  In response to the initial illness Plaintiff suffered aboard the vessel, Defendants failed to provide prompt and adequate medical attention to the Plaintiff.  As a result of Defendants' negligence, Plaintiff sustained serious and debilitating illness and injuries.  Said food borne illness worsened and led to other medical conditions, including nerve neuropathy, nerve damage, and back injury.  Plaintiff remains unfit for duty as a result of the medical conditions brought about by the underlying bacterial infection.

V.
FIRST CAUSE OF ACTION FOR NEGLIGENCE UNDER THE JONES ACT

10.     On or about August 17, 2018, Defendants, ILLINOIS MARINE TOWING, INC. and CANAL BARGE COMPANY, INC., were negligent, and said negligence was a proximate cause of Plaintiff's injuries and illness.  At all relevant times, it was feasible for Defendants, ILLINOIS MARINE TOWING, INC. and CANAL BARGE COMPANY, INC., to provide to Plaintiff, and said Defendants owed to Plaintiff, duties of care to provide, inter alia, a safe place to work.  Plaintiff further contends that on the occasion in question, Defendants, ILLINOIS MARINE TOWING, INC. and CANAL BARGE COMPANY, INC., acting through their respective officers, agents, servants and/or employees, were careless and negligent in the following respects:

a.     In failing to provide a safe work environment;
b.     In serving contaminated food to the Plaintiff;
c.     In failing to maintain safe policies and procedures for the storage and preparation of food and meals aboard the vessel;
d.     In failing to properly inspect the food served aboard the vessel;
e.     In failing to provide adequate training for the vessel's cook;
f.     In failing to provide prompt and adequate medical attention to the Plaintiff;  and,
g.     Other acts of negligence as proven at time of trial.

11.     On said date, and as a direct and proximate result of the negligent acts of Defendants, ILLINOIS MARINE TOWING, INC. and CANAL BARGE COMPANY, INC., Plaintiff developed severe and debilitating injuries and illness, including nerve damage, nerve neuropathy, and back injuries.   Said occurrence and said injuries occurred as a result of the negligence of Defendants, ILLINOIS MARINE TOWING, INC. and CANAL BARGE COMPANY, INC., acting through their respective officers, agents, servants and/or employees, were careless and negligent in the following respects:

VI.
SECOND CAUSE OF ACTION FOR VESSEL UNSEAWORTHINESS

12.     At all times material hereto, Defendant, ILLINOIS MARINE TOWING, INC., and/or Defendant, CANAL BARGE COMPANY, INC., owned, operated, and/or controlled the ILLINI COURAGE.  At all relevant times it was feasible for said Defendants to provide to Plaintiff, and said Defendants owed to Plaintiff, duties to provide, a vessel seaworthy in all respects, including but not limited to its hull, engines, apparel, appurtenances, equipment, furnishings, fixtures and complement. Defendants, ILLINOIS MARINE TOWING, INC. and CANAL BARGE COMPANY, INC., breached said duty of care by failing to provide any and/or all of these particulars or others as may be disclosed upon discovery hereafter. On or about August 17, 2018, Defendants, ILLINOIS MARINE TOWING, INC. and CANAL BARGE COMPANY, INC., were careless and negligent in breaching the above duties of care, and the vessel was unseaworthy in the following particulars:

a.     The vessel had contaminated food on board;
b.     The vessel lacked properly trained staff for the storage and preparation of food aboard the vessel;
c.     The vessel lacked safe policies and practices for food storage and preparation, including the inspection of food;
d.     The vessel lacked safe policies and practices for responding to medical emergencies aboard the vessel; and,

e.      Other unseaworthy conditions as proven at time of trial.

13.    Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiff to suffer the hereinafter complained of injuries for which Defendants, ILLINOIS MARINE TOWING, INC. and CANAL BARGE COMPANY, INC., are liable to Plaintiff in damages.

VII.
<u>THIRD CAUSE OF ACTION FOR MAINTENANCE AND CURE</u>

14.    On or about August 17, 2018, and on other dates thereafter, and ever since, Defendants, ILLINOIS MARINE TOWING, INC. and CANAL BARGE COMPANY, INC., have wrongfully failed and/or refused to provide maintenance and cure to Plaintiff in breach of duties said Defendants owes to Plaintiff. Plaintiff further alleges that it was, and still is, the duty of Defendant, ILLINOIS MARINE TOWING, INC., and/or Defendant, CANAL BARGE COMPANY, INC., as his employer, to furnish him with maintenance and cure and loss of wages. Plaintiff further alleges that Defendants, ILLINOIS MARINE TOWING, INC. and CANAL BARGE COMPANY, INC., have unreasonably, arbitrarily, willfully and capriciously refused to promptly pay full maintenance and cure benefits to him, and such sums were due and owing.  As a result of said Defendants' unreasonable failure to provide maintenance and cure, Plaintiff is entitled to recovery for damages and expenses incurred, including, but not limited to, damages for prolongation or aggravation of his injuries, pain and suffering, and additional expenses.

15.    Plaintiff states that in addition to such maintenance and cure benefits as he is entitled, he has found it necessary to engage attorneys to represent him in the maintenance and cure action that he is entitled to and brings a suit for the reasonable attorney's fees incurred in the collection of the maintenance and cure benefits due to him.  Therefore, for the aforementioned reasons, Plaintiff states that he is entitled to maintenance and cure benefits, compensatory damages and attorney's fees, in a sum in excess of the minimum jurisdictional limits of this Court or for other

and further sums as the Court and/or Jury may find reasonable at the time of trial of this cause.

16.     By reason of the foregoing premises and as a legal result thereof, Plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendants, ILLINOIS MARINE TOWING, INC. and CANAL BARGE COMPANY, INC., are liable to Plaintiff:

> a.     Maintenance and Cure benefits accrued to date of trial and for a reasonable time in the future, as may be found necessary;
> b.     Physical and emotional injury, pain and suffering;
> c.     Prolongation and or aggravation of injuries;
> d.     Indebtedness for health care expenses;
> e.     Indebtedness for daily living expenses;
> f.     Prejudgment interest; and,
> g.     Attorneys' fees.

17.     All said injuries and damages in an extent, not now precisely known in excess of $250,000.00.

## VIII.
## DAMAGES

18.     As a direct and proximate result of the occurrence alleged, Plaintiff sustained severe and painful injuries to his body and mind, and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause great physical and emotional pain and suffering. In connection therewith, Plaintiff would show that he has sustained severe pain, physical impairment, discomfort, mental anguish, and distress to date. Plaintiff is informed and believes and alleges that, in all reasonable probability, some or all of said injuries will result in permanent damage, disability, and pain and suffering, causing general damages in an amount to be determined at trial. Moreover, Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Furthermore, he has incurred and will incur pharmaceutical and medical expenses in connection with said injuries. By reason of the foregoing, Plaintiff would show that he has been

damaged in a sum, to be determined at trial, far in excess of the minimum jurisdictional limits of this Honorable Court, for which amount he comes now and sues.

19.     By reason of the foregoing premises and as a legal result thereof, Plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendants, ILLINOIS MARINE TOWING, INC. and CANAL BARGE COMPANY, INC., are jointly and severally liable to Plaintiff:

   a. Reasonable and necessary medical expenses in the past and in the future;
   b. Physical pain and suffering in the past and in the future;
   c. Mental anguish in the past and in the future;
   d. Lost earnings;
   e. Loss of earning capacity in the past and in the future;
   f. Loss of household services in the past and future;
   g. Physical disfigurement in the past and in the future; and,
   h. Physical impairment in the past and in the future.

22. All said injuries and damages in an extent, not now precisely known, in excess of $1,000,000.00.

IX.
JURY DEMAND

20.     Plaintiff demands a trial by jury and tenders the appropriate fee.

X.
PRAYER

21.     WHEREFORE, PREMISES CONSIDERED, Plaintiff, PATRICK L. HUMPHREY, prays that Defendants, ILLINOIS MARINE TOWING, INC. and CANAL BARGE COMPANY, INC., be cited to appear and answer herein in a form and manner prescribed by law, and after jury trial of the merits of this cause, Plaintiff have judgment against Defendants, jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interest at the maximum legal rates, all costs of Court, and all such other and further relief, be it general or special, at law or in equity, to which Plaintiff may show himself justly entitled.

7

Respectfully submitted,


DWORKIN & MACIARIELLO


*/s/David Rabinowitz*
David Rabinowitz
ARDC No.:  6297467
134 North LaSalle St., Suite 650
Chicago, Illinois 60602
TEL:  (312) 857-7777
FAX: (312) 757-4913
DRabinowitz@hammerjustice.com

-AND-

SCHECHTER, MCELWEE, SHAFFER, & HARRIS, L.L.P.


*/s/Matthew D. Shaffer**
MATTHEW D. SHAFFER
TBA # 18085600
LAURA B. DE LA CRUZ*
TBA # 24095300
3200 Travis, Third Floor
Houston, Texas  77006
TEL:   (713) 524-3500
FAX:   (866) 696-5610
Mshaffer@smslegal.com
Ldelacruz@smslegal.com
*Seeking admission pro hac vice*

ATTORNEYS FOR PLAINTIFF


PLAINTIFF DEMANDS A TRIAL BY JURY